IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THEODORE P. VONFELDT,        )
                             )
          Plaintiff,         )
                             )
     v.                      )       1:16cv1179
                             )
MARK A. GRAPSY,              )
                             )
          Defendant.         )
```

## **MEMORANDUM OPINION AND ORDER**
## **OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Motion to Remand (Docket Entry 9) (the "Remand Motion"). For the reasons that follow, the Court will deny the Remand Motion.[1]

### **BACKGROUND**

Plaintiff initiated this action by filing a complaint (Docket Entry 3) (the "Complaint") in the General Court of Justice, Superior Court Division, Guilford County, North Carolina, alleging that he and his wife "were happily married" (id., ¶ 4), but that, through an adulterous affair, "Defendant destroyed and alienated the love and affection existing between Plaintiff and his wife" (id., ¶ 7). In particular, the Complaint asserts two state-law

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

torts - alienation of affection and criminal conversation - and requests attorney's fees. (Id. at 1-3.)

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant removed the action to this Court based on diversity of citizenship, see 28 U.S.C. § 1332. (Docket Entry 1 at 1-3; see also id. at 2 (asserting that Defendant "is a citizen and resident of . . . Pennsylvania"); Docket Entry 3, ¶ 1 (alleging that "Plaintiff is a resident and citizen of . . . North Carolina").) In response, Plaintiff seeks remand on the grounds that the "domestic relations exception" precludes this Court from exercising jurisdiction over this action. (Docket Entry 9 at 1-2.)

## ANALYSIS

Plaintiff relies on Andrews v. Patterson, 585 F. Supp. 553 (M.D.N.C. 1984), for his contention that the domestic relations exception deprives this Court of jurisdiction over his alienation of affection and criminal conversation claims. (Id. at 2.)[2] That

---

[2] Plaintiff also cites Cole v. Cole, 633 F.2d 1083 (4th Cir. 1980), in support of his contention that the domestic relations exception bars federal jurisdiction in this case. (See Docket Entry 9 at 1.) Cole neither involved alienation of affection and criminal conversation claims, nor defined the boundaries of the domestic relations exception. See id. 633 F.2d at 1088 (denying application of domestic relations exception because "[t]he duty to abstain from malicious prosecution, from abuse of process, from arson, and from conversion does not arise out of or require, in order to give rise to the duty, a present or prior family relation"). In any event, like Andrews, Cole preceded the Supreme Court's clarification of the proper scope of the domestic relations exception in Ankenbrandt v. Richards, 504 U.S. 689 (1992). As a result, Cole does not control.

-2-

case, similar to the one at bar, involved state-law claims of "alienation of affections and criminal conversation with jurisdiction based on diversity of citizenship between the parties." Andrews, 585 F. Supp. at 554. The Andrews defendant moved to dismiss for lack of subject matter jurisdiction, arguing that alienation of affection and criminal conversation claims "are subject to the domestic relations exception to federal court jurisdiction." Id.

The Andrews Court analyzed that argument by first explaining that:

> [t]he case . . . inherently involves family relations. In order to prevail under North Carolina law on his alienation of affections claim, [the] plaintiff must prove that he and his wife were legally and happily married, that a genuine love and affection existed between them, that such love and affection was wrongfully or illegally alienated and destroyed, and that such alienation was caused by the defendant. *Litchfield v. Cox*, 266 N.C. 622, 146 S.E.2d 641 (1966). [The p]laintiff's criminal conversation claim requires that he establish a legal marriage between him and his wife, sexual intercourse between [the] defendant and [the] plaintiff's wife during the marriage, and absence of consent or connivance on the part of the plaintiff. *Sebastian v. Klutz*, 6 N.C.[ ]App. 201, 170 S.E.2d 104 (1969).

Andrews, 585 F. Supp. at 554-55. Next, the Andrews Court reasoned that, because "the very nature of these claims" involves "an extremely in depth inquiry . . . into the marriage relationship," "[s]uch an inquiry would be an inappropriate intrusion into an area which has previously been exclusively reserved for the states."

-3-

Id. at 555.  Finally, the Andrews Court recognized that "some questions have arisen as to the breadth of the domestic relations exception," but, nevertheless, concluded that "the exception must be read as broadly as possible while remaining within the bounds of fairness."  Id. (emphasis added).

After Andrews, the Supreme Court provided clarification as to the scope of the domestic relations exception, specifically curtailing its application.  Ankenbrandt v. Richards, 504 U.S. 689, 701-02 (1992).  In Ankenbrandt, the plaintiff asserted state-law tort claims against her ex-husband and his female companion for the alleged sexual abuse of her children.  Id. at 691.  The district court dismissed the case under the domestic relations exception to federal jurisdiction, and the circuit court affirmed.  Id. at 692. The Supreme Court reversed, stating that the exception "did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree."  Id. at 701-02 (emphasis added); see also id. at 703 (concluding "that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees").

The Supreme Court explained that the plaintiff's "lawsuit in no way seeks such a decree; rather, it alleges that [the defendants] committed torts against [the plaintiff's children]," and that "[f]ederal subject-matter jurisdiction pursuant to § 1332

-4-

thus is proper." Id. at 704. Of particular note, the Supreme Court further stated that the domestic relations exception in no way applied to the suit against the female companion, as she stood "in the same position with respect to [the plaintiff] as any other opponent in a tort suit brought in federal court pursuant to diversity jurisdiction." Id. at 704 n.7.

Based on the Supreme Court's holding in Ankenbrandt, the broad application of the domestic relations exception adopted in Andrews cannot stand. Indeed, in light of Ankenbrandt, federal courts have consistently declined to apply the domestic relations exception outside of cases that require the issuance or modification of a divorce, alimony, or child custody decree. See, e.g., Jones v. Jones, ___ F. Supp. 3d ___, ___, 2016 WL 5172844, at *3 (E.D. Va. Sept. 13, 2016) (observing that, even in actions involving former marital partners, "federal courts have properly exercised jurisdiction, and denied application of the domestic relations exception, in a wide variety of tort and contract claims," and collecting cases). In this case, although the existence of a preexisting valid marriage between Plaintiff and his wife constitutes an element of Plaintiff's claims, see McCutchen v. McCutchen, 360 N.C. 280, 283, 624 S.E.2d 620, 623 (2006) (noting that "the plaintiff must introduce evidence of a valid marriage" to establish an alienation of affection claim); see also Johnson v. Pearce, 148 N.C. App. 199, 200, 557 S.E.2d 189, 190 (2001)

(explaining that criminal conversation "is based on the violation of the fundamental right to exclusive sexual intercourse between spouses" (internal quotation marks omitted)), neither claim requires the issuance or modification of an alimony or divorce decree, see McCutchen, 360 N.C. at 283, 624 S.E.2d at 623 (listing elements for alienation of affection claim); Johnson, 148 N.C. App. at 200-01, 557 S.E.2d at 190 (listing elements for criminal conversation claim).

Accordingly, the domestic relations exception to federal jurisdiction does not preclude this Court's exercise of jurisdiction over Plaintiff's claims. See, e.g., Garrick v. Stanford, No. 3:96CV37, 1996 WL 408046, at *1 (N.D. Miss. May 2, 1996) (holding that, under Ankenbrandt, "a wife's tort suit [for alienation of affection] against her husband's alleged paramour does not invoke the domestic relations exception to federal jurisdiction").[3]

---

[3] Consistent with that understanding, since Ankenbrandt, federal courts in North Carolina repeatedly have adjudicated claims for alienation of affection and/or criminal conversation. See, e.g., Bowden v. Agnew, No. 1:12CV1237, 2013 WL 3545507 (M.D.N.C. July 11, 2013), recommendation adopted, slip op. (M.D.N.C. Sept. 5, 2013); Bryan v. Bryan, No. 1:11CV141, 2013 WL 937733 (W.D.N.C. Mar. 11, 2013), appeal dismissed, No. 13-1468 (4th Cir. Apr. 29, 2013); Smith v. Lee, No. 3:06CV498-MU, 2008 WL 906323 (W.D.N.C. Apr. 1, 2008).

## CONCLUSION

The domestic relations exception does not apply to this case.

**IT IS THEREFORE ORDERED** that the Remand Motion (Docket Entry 9) is **DENIED**.

                                                /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                     **United States Magistrate Judge**

December 8, 2016