IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THEODORE P. VONFELDT,        )
                             )
         Plaintiff,          )
                             )
v.                           )         1:16CV1179
                             )
MARK A. GRAPSY,              )
                             )
         Defendant.          )

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on February 14, 2017, was served on the parties in this action. (Docs. 22, 23.) Defendant objected to the Recommendation. (Doc. 24.) Of Defendant's objections, two warrant discussion.

First, Defendant asserts that the Recommendation applies rational basis review to his due process argument. In fact, the Recommendation merely notes that Lawrence v. Texas, 539 U.S. 558, 578 (2003), does not apply strict scrutiny, and the Recommendation uses the language that Lawrence used (i.e., whether the State law "furthers" a "legitimate interest"?). Where the Recommendation makes references to the "rationality" or "irrationality" of the State laws, it does so only in addressing specific arguments Defendant made using such terminology.

Second, Defendant raises arguments based on the First

Amendment's guarantee of freedom of association. (Doc. 24 at 8-9.) Defendant's motion (and supporting brief) did not present that ground for dismissal; rather, Defendant's First Amendment argument expressly (and exclusively) addressed freedom of speech. This does not prevent this court's review of this additional legal theory offered, however. United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), as amended (Aug. 12, 1992).

The court has carefully considered Defendant's arguments on freedom of association but finds them to be without merit. Simply put, as explained in the Recommendation (Doc. 22 at 14-21), adultery is not protected under the First Amendment. Suddarth v. Slane, 539 F. Supp. 612, 617 (W.D. Va. 1982) ("[A]dultery is not protected by the First Amendment.").

Defendant cites Roberts v. U.S. Jaycees, 468 U.S. 609, 617 (1984), for the proposition that the State may not unduly interfere with one's choice to enter into and maintain certain intimate human relationships. (Doc. 24 at 10-11.) Roberts dealt with whether a State could compel a national nonprofit membership corporation to admit women as regular members. Contrary to Defendant's argument (id.), the case did not hold that adulterous relationships are "clearly protected" under the First Amendment.

Defendant also cites Snyder v. Phelps, 562 U.S. 443 (2011), to argue that the tort of alienation of affections is not shielded

from constitutional infirmity merely because it has malice as an element. (Doc. 24 at 9.) In Snyder, the father of a deceased military service-member brought action against a church whose congregation protested the service-member's funeral. The defendants' protests were held to be protected under the First Amendment because they were a matter of public concern. Snyder, 562 U.S. at 454-59. Defendant argues that his "innocuous speech imploring one to leave a marriage" is surely protected if the Snyder defendants' intentional speech was protected. (Id. at 10.) Like Roberts, Snyder also fails to stand for the proposition that the freedom of association protected under the First Amendment extends to adulterous relationships. Indeed, as explained in the Recommendation, courts addressing the issue have found the opposite. See Marcum v. McWhorter, 308 F.3d 635, 642 (6th Cir. 2002) ("[W]e decline to accord Marcum's adulterous relationship the constitutional protection afforded those intimate associations which receive protection as a fundamental element of personal liberty."); Wilson v. Swing, 463 F. Supp. 555, 563 (M.D.N.C. 1978) ("The Court is of the opinion that adultery is not protected by the First Amendment's guarantee of freedom of association.").

In light of all the objections raised, the court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a *de novo*

3

determination, which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 6) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

March 30, 2017